**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Martin Herrera and Sandra Herrera | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | Civil Action No. 26-2137 |
| | § | |
| United States of America, | § | |
| | § | |
| *Defendant* | § | |

**Plaintiff's Original Complaint**

Plaintiffs Martin Herrera and Sandra Herrera ("Plaintiffs") complains of Defendant United States of America based on the wrongful conduct of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement (hereinafter, "ICE"), an agency of the United States of America, and for cause of action shows the Court the following:

## I.   Introduction

1.1   This is a negligence claim filed, under the auspices of the Federal Tort Claims Act, against the United States based on the wrongful conduct of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement as an agency of the United States of America. On March 18, 2024, Kristopher Vega, an U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement employee, who was driving behind Plaintiffs, failed to control their speed and struck Plaintiff's vehicle in the rear. As a result of the crash, Plaintiffs suffered bodily injuries for which they now seek compensation.

## II.   Jurisdiction and Venue

2.1   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America.

2.2     This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the United States based on the wrongful conduct of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement, as an agency of the United States, for monetary damages for personal injuries caused by the negligent and wrongful acts and omissions of the employees of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement while acting within the course and scope of their office or employment, under the circumstances where the United States, if a private person, would be liable to Plaintiff.

2.3     Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter referred to as "FTCA"), 28 U.S.C. § 2671, et. seq.

2.4     Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., on or about February 28, 2025, Plaintiffs presented their claim to the appropriate federal agencies for administrative settlement under the FTCA. On September 17, 2025, the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement denied Plaintiff's demand to settle this matter and mailed Plaintiff a formal denial letter. Plaintiff is timely filing this complaint within six months after the date of the mailing of the denial.

2.5     This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months from the time that denial of claim was sent to Plaintiff.

2.6     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as the events or omissions giving rise for the claims occurred in this judicial district.

### III.    Parties

3.1    Plaintiff Martin Herrera is an individual who resides in Texas.

3.2    Plaintiff Sandra Herrera is an individual who resides in Texas.

3.3    Defendant United States is subject to suit for personal injuries caused by the negligent and wrongful acts and omissions of an employee of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement while acting within the course and scope of their office or employment, under the circumstances where the United States would be liable to Plaintiff pursuant to the FTCA. Plaintiff respectfully requests that summons be issued on the Acting U.S. Attorney of the Southern District of Texas, John G.E. Marck at U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002 pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

3.4    Plaintiff also requests that summons and a copy of the complaint be issued to U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement as follows:

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528

3.5    Plaintiff also requests that summons and a copy of the complaint be issued to U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement as follows:

Attorney General of the United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

3.6     Plaintiff also requests that summons and a copy of the complaint be issued to U.S. Immigration and Customs Enforcement as follows:

USCIS
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588

## IV.     Factual Background

4.1     On or about March 18, 2024, Kristopher Vega, an employee of the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement, was traveling eastbound in the 520 block of FM 1960 in Harris County, Texas directly behind Plaintiff's vehicle, failed to control his speed, and struck Plaintiff's vehicle in the rear.

4.2     At the time of the occurrence, Kristopher Vega was within the course and scope of employment for U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement as an agency of the United States of America. Kristopher Vega was driving a government vehicle at the time of his negligent conduct that caused injuries to Plaintiffs

4.3     As a result of the collision, Plaintiffs suffered bodily injuries, including those to their neck, back, and body.

## V.     Causes of Action
## Negligence

5.1     Plaintiffs incorporate by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

5.2     At all relevant times, the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement was the owner of the government vehicle and employer of Kristopher Vega.

5.3     Further, Kristopher Vega was acting within the course and scope of his employment with the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement/the United States of America at the time of the collision.

5.4     Plaintiff alleges that the United States is vicariously liable to them based on the doctrine of *Respondeat Superior*. That is, the United States, through the negligent conduct of U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement employee Kristopher Vega as described below, is liable to Plaintiff. Further, each of the below negligent acts and/or omissions on the part of U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement employee, Kristopher Vega, singularly and cumulatively, was a proximate cause of the collision in question and the resulting injuries and damages to Plaintiffs.

5.5     The U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement was independently negligent—and the United States is thus liable under the FTCA— in failing to properly train Kristopher Vega on safe driving practices and safe operation of a government vehicle and in failing to properly and safely manage its drivers.

5.6     Plaintiff alleges that U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement employee Kristopher Vega, had a duty to act as a reasonable and prudent government vehicle operator would have acted under the same or similar circumstances and to exercise ordinary case. Plaintiff alleges that Kristopher Vega breached such duties by committing the following negligent acts and/or omissions:

a.     Failing to keep a proper lookout;

b.     Failing to control his speed;

c.     Failing to timely apply his brakes;

d.     Failing to take evasive actions;

e.   Failing to keep a safe following distance.

5.7   Each of the above acts and/or omissions singularly and cumulatively constitutes negligence and was a proximate cause of the collision in question and the resulting injuries and damages to Plaintiffs.

## VI.   **Damages**

6.1   Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

6.2   As a proximate result of the above acts and/or omissions on the part of Defendant, Plaintiffs have suffered substantial injuries and damages for which they seek recovery from Defendant.

6.3   Plaintiff seeks personal injury damages in amounts the Court deems to be fair and reasonable including damages for past and future physical pain and mental anguish, past loss of earnings, loss of future earning capacity, past and future disfigurement, past and future physical impairment, and past and future medical care and expenses.

6.4   The sum certain of Plaintiff's damages, as specified in her SF-95 form is $265,000.00 for Sandra Herrera, and $215,000.00 for Martin Herrera.

## VII.   **Pre-Judgment Interest**

7.1   Plaintiffs incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

7.2   Plaintiffs would additionally say and show that she is entitled to recover pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiffs here and now sues for recovery of pre-judgment interest as provided by law.

## VIII.  <u>Prayer</u>

8.1    Plaintiffs pray that the United States be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual and compensatory damages, as specified above; that Plaintiffs recovers costs of Court herein expended; that Plaintiffs recover the interest, both pre-judgment and post-judgment, to which Plaintiffs are entitled under the law; and for such other and further relief, both general and special, legal and equitable, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**HUYNH LAW, PLLC**

*<u>/s/ Sarah Y-Nhi Huynh</u>*
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@huynhlaw.com
6100 Corporate Drive, Suite 110
Houston, Texas 77036
Tel.: (281) 702-8128
Fax: (281) 712-7170
E-Service E-mail: eservice@huynhlaw.com

**ATTORNEYS FOR PLAINTIFFS**